UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEANDERYL ANTONIO CRAWFORD,

        Plaintiff,

vs.                              CASE NO. 5:13-CV-10062
                                  HONORABLE JOHN CORBETT O'MEARA
                                  UNITED STATES DISTRICT JUDGE

BILL SCHUETTE, et. al.,

        Defendants,
_____/

OPINION AND ORDER OF SUMMARY DISMISSAL

      Plaintiff is an inmate confined at the Brooks Correctional Facility in Muskegon Heights, Michigan. On January 18, 2013, Magistrate Judge R. Steven Whalen signed an order of deficiency, which required plaintiff to provide a signed certification of his prison trust account from an authorized jail official and a current computerized trust fund account showing the history of the financial transactions in plaintiff's institutional trust fund account for the past six months. Alternatively, the order allowed plaintiff to pay the three hundred and fifty ($ 350.00) dollar filing fee in full. Plaintiff was given thirty days to comply with the order. To date, plaintiff has neither corrected the deficiency nor paid the $ 350.00 filing fee.

      28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six month period immediately

1

preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997).

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *McGore v. Wrigglesworth*, 114 F. 3d at 605. If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id.* The district court must then order that the case be dismissed for want of prosecution. *Id.*

In the present case, plaintiff has failed to provide the Court with a signed certification regarding trust fund account. An uncertified trust fund account statement, or one that lacks a signature, is insufficient to satisfy the filing requirements for permitting a prisoner to proceed *in forma pauperis* under § 1915(a)(2), nor would it cure the deficiency in this case. *See Hart v. Jaukins,* 99 Fed. App'x. 208, 209-10 (10th Cir. 2004); *See also Moore v. Vantifflin,* No. 2009 WL 224548, * 1 (E.D. Mich. January 30, 2009).

In addition, plaintiff has failed to provide the Court with a current computerized trust fund statement of account showing the history of the financial transactions in his institutional trust fund account for the past six months. Plaintiff's complaint is thus subject to dismissal for lack of prosecution because of his failure to correct the deficiency

by providing the Court a copy of his computerized prison trust fund account for the past six months. *See Davis v. United States,* 73 Fed. App'x. 804, 805 (6th Cir. 2003).

Plaintiff has to correct the deficiency in this case. Because plaintiff has failed to comply with the deficiency order, the Court will dismiss the complaint without prejudice for want of prosecution based upon plaintiff's failure to fully comply with the deficiency order. *See e.g. Erby v. Kula,* 113 Fed. App'x. 74, 75-76 (6th Cir. 2004).

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the complaint under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act.

                                                      s/John Corbett O'Meara
                                                      United States District Judge

Date: March 6, 2013

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 6, 2013, using the ECF system and/or ordinary mail.

                                                        s/William Barkholz
                                                      Case Manager